**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| JOHN P. VICKERY, III § | |
| § | |
| vs. § | CIVIL ACTION NO. 2:16-cv-66 |
| § | |
| BUFFETS, LLC, d/b/a RYAN'S § | |
| STEAKHOUSE § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT

COMES NOW, Plaintiff JOHN P. VICKERY, III files this his Original Complaint, complaining of and against Defendant BUFFETS, LLC d/b/a RYAN'S STEAKHOUSE. For cause of action would respectfully show:

**A.   PARTIES**

1. Plaintiff JOHN P. VICKERY, III ("Vickery") is an individual who resides in Harrison County, Texas.  The last four digits of Plaintiff's Social Security number are XXX-XX-5054.

2. Defendant BUFFETS, LLC, d/b/a RYAN'S STEAKHOUSE ("Ryan's Steakhouse") is a foreign limited liability company and its principal place of business is in Greer, Spartanburg, South Carolina. Defendant Buffets, LLC, d/b/a Ryan's Steakhouse may be served with process through its registered agent for service, Peter Donbavand, 120 Chula Vista, Hollywood Park, TX   78232.

**B.   JURISDICTION & VENUE**

3. This Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(2) because the suit is between citizens of one state and citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.   Plaintiff is a citizen of the State of

Texas. Defendant Buffets, LLC, d/b/a Ryan's Steakhouse is a foreign limited liability company with its corporate headquarters in South Carolina. Buffets, LLC, d/b/a Ryan's Steakhouse's members are citizens of Minnesota and South Carolina. Thus, complete diversity exists between the parties.

4. Venue is proper in the Eastern District of Texas, Marshall Division under 28 U.S.C. 1391(a)(2) because the incident occurred in the Eastern District of Texas, Marshall Division.

### C. AGENCY/*RESPONDEAT SUPERIOR*

5. Whenever it is alleged in this Petition that the Defendant(s) did any act or thing, it is meant that their agents, servants, employees, parent agents, ostensible agents, agents by estoppel and/or representatives did such act or thing, and at the time such act or thing was done it was done with their authorization or was done in the normal routine course of the agency or employment of the Defendant(s).

### D. NATURE OF THE CASE

6. On or about August 2, 2015, during normal business hours, Plaintiff and his wife went to Ryan's Steakhouse located at 301 E. Loop 281, Longview, TX 75605 to eat lunch. As Plaintiff Vickery was standing in line at the salad bar, a Ryan's Steakhouse employee attempted to balance a large quantity of dishes and collided with Plaintiff thereby knocking Plaintiff to the ground. As a result, Plaintiff Vickery suffered serious and permanent bodily injuries, including injury to his left knee, back and shoulder.

### E. LIABILITY OF BUFFETS, LLC, d//b a RYAN'S STEAKHOUSE

7. The incident made the basis of this lawsuit, referred to in the preceding paragraph and the resulting injuries and damages of Plaintiff, were all proximately caused by the negligent

conduct of the Defendant in one or more of the following respects:

    a. Failure of the waitress to pay attention to her surroundings and colliding into Plaintiff;

    b. Attempting to carry and balance too many dishes at one time;

    c. Failing to properly train wait staff on the proper way to lift and carry dishes, and;

    d. Failing to properly supervise its employees.

8. Each of these acts and omissions, singularly or in combination, constitute negligence, which proximately caused the occurrence in question and each of the Plaintiff's injuries and damages.

## F.  DAMAGES

9. As a direct and proximate result of Defendant's negligence, Plaintiff JOHN P. VICKERY, III, suffered severe injuries, including, but not limited to, injuries to his left knee, back and shoulder. As a result of his injuries, JOHN P. VICKERY, III, has suffered the following damages:

    a. Hospital, doctor, medical and pharmaceutical bills incurred in the past;

    b. Hospital, doctor, medical and pharmaceutical bills that, in reasonable probability, will be incurred by this Plaintiff in the future;

    c. Physical pain and suffering suffered by the Plaintiff in the past;

    d. Physical pain and suffering, which in reasonable probability, this Plaintiff will suffer in the future;

    e. Mental anguish suffered by this Plaintiff in the past;

    f. Mental anguish, which in reasonable probability, the Plaintiff will suffer in the future;

    g. Physical impairment suffered by the Plaintiff in the past, and;

    h. Physical impairment which in reasonable probability, the Plaintiff will suffer in the

future.

## G.   PRAYER

10. WHEREFORE, Plaintiff, JOHN P. VICKERY, III, request that the Defendant be cited to appear and answer and that upon final hearing Plaintiff shall recover the following:

1. Actual damages within the jurisdictional limits of this Court;

2. Pre-judgment and post-judgment interest as allowed by law;

3. Costs of Court; and

4. All such other relief to which Plaintiff may show himself justly entitled.

Respectfully submitted,

SLOAN, BAGLEY, HATCHER & PERRY LAW FIRM

BY: */s/    Carson R. Runge*
CARSON R. RUNGE
State Bar No. 24059262
crunge@sloanfirm.com
101 East Whaley Street
P. O. Drawer 2909
Longview, Texas 75606-2909
Telephone:   (903) 757-7000
Facsimile:    (903) 757-7574

ATTORNEY FOR PLAINTIFF